UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JACK B., | ) |
| | ) |
|    Plaintiff | ) |
| | ) |
| v. | )  2:20-cv-00178-JDL |
| | ) |
| ANDREW M. SAUL, Commissioner of | ) |
| Social Security, | ) |
| | ) |
|    Defendant | ) |

## REPORT AND RECOMMENDED DECISION

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

### THE ADMINISTRATIVE FINDINGS

The Commissioner's final decision is the April 12, 2019 decision of the Administrative Law Judge. (ALJ Decision, ECF No. 8-2).[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of peripheral neuropathy, degenerative disc disorder with lower extremity radiculopathy, and chronic bilateral shoulder pain status post reconstructive surgery. (R. 14.) The ALJ further determined that Plaintiff had a residual functional capacity (RFC) to perform light work, with occasional stooping and crouching, and avoiding exposure to extreme cold, wetness, and hazards such as the operation and control of moving machinery and unprotected heights, with the exception of a motor vehicle; he must also sit or stand alternately at will, provided that he is not off-task for more than ten percent of the work period. (R. 19.)

Based on the RFC finding, the ALJ concluded that Plaintiff could not return to past relevant work, but could perform other substantial gainful activity, including the specific representative jobs of ticket seller, hand packager and inspector. (R. 27-28.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive

when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that in formulating Plaintiff's RFC, (1) the ALJ improperly evaluated the opinions of treating and examining sources, and (2) the ALJ erroneously failed to find any limitations for Plaintiff's severe impairment of bilateral shoulder pain status post reconstructive surgery.

Plaintiff's primary care physician, Gerald Lachance, D.O., and an examining physician, Fred Fridman, M.D., both determined that Plaintiff was limited in his ability to reach due to his bilateral shoulder pain. Dr. Lachance opined that Plaintiff could lift less than 10 pounds occasionally, sit for only three hours in a workday, stand and walk for only two hours in a workday, and frequently feel, occasionally handle and finger, but never reach with his upper extremities. (R. 1003-06.) Dr. Fridman, who examined Plaintiff on February 2, 2018, concluded that Plaintiff could lift or carry five pounds frequently and ten pounds occasionally, that he had no limitations in feeling, handling, or fingering bilaterally, and that he was limited to only occasional reaching, pulling, and pushing with both upper extremities. Neither of the state agency medical evaluators Donald Trumbull, M.D. and Archibald Green, D.O., found any limitations on Plaintiff's ability to reach.[2] The ALJ

---

[2] Dr. Trumbull opined that Plaintiff was generally limited to medium work and was capable of occasionally lifting 50 pounds and frequently lifting 25 pounds. (R. 68.) Dr. Trumbull's notes include a review of records evidencing Plaintiff's shoulder complaint but did not find them significant. (R. 66.) Dr. Trumbull also concluded that Dr. Fridman's consultative examination contained no objective evidence explaining Plaintiff's presentation and that the evaluation was inconsistent with prior examinations. (R. 68.) Dr. Green largely concurred with Dr. Trumbull's assessment, but added an hourly position change to account for Plaintiff's degenerative disc disease. (R. 71-73.)

found the opinions of Drs. Lachance and Fridman to be unpersuasive and the opinions of the state agency consultants to be somewhat persuasive.

Although he rejected the opinions of Drs. Lachance and Fridman, the ALJ concluded that Plaintiff's chronic bilateral shoulder pain status post reconstructive surgery constituted a severe impairment. Plaintiff contends that the ALJ erred when he found Plaintiff had severe impairment due to chronic bilateral shoulder pain status post reconstructive surgery but did not include any upper extremity manipulative limitations for the impairment in the RFC. The Commissioner argues that even though the ALJ was not required to include limitations specific to the bilateral shoulder pain, he accounted for the impairment when he limited Plaintiff's ability to lift based in part on Plaintiff's subjective complaints.

The ALJ supportably determined that the opinions of Drs. Lachance and Fridman were unpersuasive. The ALJ reasonably found that Dr. Lachance's opinion was inconsistent with his own treatment notes, as well as the overall medical record. For instance, the ALJ noted that upon examination by Dr. Lachance, Plaintiff consistently had full strength in his extremities, ambulated with a normal gait, and exhibited a normal range of motion on all planes. (R. 26) "Inconsistency between a physician's treatment notes and her opinion is an appropriate basis for rejecting a treating physician's conclusions." *Shatema B. v. Saul*, No. 1:19-cv-00566-NT, 2020 WL 4383802, at *2 (D. Me. July 31, 2020) (citing *Bailey v. Colvin*, No. 2:13-cv-57-GZS, 2014 WL 334480, at *3 (D. Me. Jan. 29, 2014). The ALJ also found that Dr. Lachance's opinion varied from Plaintiff's reports of his activities of daily living, including lifting that he picked up and put down his

granddaughter, who weighs 40-45 pounds. (R. 26, 45-46.) *See Day v. Berryhill*, No. 16-00593, 2017 WL 5037454, at *5 (D. Me. Nov. 2, 2017) (discounting a provider's opinion is permissible where there is an inconsistency between expert opinion and a plaintiff's activity level). Similarly, the ALJ found the opinion of Dr. Fridman unpersuasive because of its inconsistency with the medical record, Plaintiff's testimony, and the results of Dr. Fridman's own examination.

In addition, the ALJ addressed limitations related to the shoulder impairment and his RFC finding is otherwise supported by record evidence. In his discussion of Plaintiff's medical history, the ALJ acknowledged Plaintiff's report of problems with both shoulders, which problems limit his ability to reach. (R. 20.) As part of his assessment of Plaintiff's limitations, the ALJ wrote:

> The claimant testified that he cannot use his arm because of limitations persisting since his work-related injury. The medical record reflects that the claimant consistently reported arm pain that was exacerbated by activity. The claimant testified, though, that he was able to lift his granddaughter sometimes, who weighs about 40 lbs., and that his [sic] able to perform chores including laundry, cooking, cleaning, and grocery shopping…. The record does support some limitation in lifting and carrying based on the claimant's consistent symptoms, but his testimony does reflect that he is capable of performing light lifting and carrying. (R. 25.)

Even though "a finding that a particular impairment is severe does not necessarily result in a finding of related limitations on the ability to perform work-related functions," *DuBois v. Berryhill*, No. 1:17-cv-00076-JDL, 2017 WL 6000340, at *4 (D. Me. Dec. 3, 2017) (rec. dec. *aff'd* Feb. 28, 2018), while the ALJ did not specifically reference any manipulative limitations, his discussion reflects that he considered and accounted for the shoulder pain, which is the basis for the severe impairment finding. The fact that the ALJ did not

specifically discuss other limitations that might result from bilateral shoulder pain in some cases is not error.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 20th day of May, 2021.